HERMAN BASCH, Appellant, *v.* EDGAR BASCH, Respondent, Impleaded with WILLIAM HERZOG, Defendant.

First Department, February 23, 1934.

*Edward T. Kelly* of counsel [*Clarence W. Archibold* with him on the brief; *Briesen & Schrenk,* attorneys], for the appellant.

*Louis L. Archer,* for the respondent.

O'MALLEY, J. The action is in equity and seeks to enjoin the unauthorized use of plaintiff's secret formula for dyeing furs in black and an accounting for profits realized from such use. Defendant's right to interpose a counterclaim pleaded is the question presented.

The complaint shows that plaintiff claims to have discovered the process in 1905; to have reduced it to writing in 1910, at which time he placed it in a sealed envelope and delivered it to his brother, Sigmund Basch, the father of the defendant Edgar Basch, for safe-keeping and for plaintiff's benefit. Title was to remain in plaintiff and Sigmund Basch agreed to retain the formula in the envelope as delivered and never to disclose its contents. After Sigmund

Basch's death, the defendant Edgar Basch possessed himself of the formula and without plaintiff's consent appropriated it to his own use. Edgar Basch and the defendant Herzog, acting unlawfully and in concert, obtained knowledge of the contents of the formula and are offering to disclose its secrets to others for a consideration. The complaint, in addition to injunctive relief, seeks an accounting of profits, damages and costs and the surrender of the formula to the plaintiff.

Concededly, defendant's counterclaim is predicated upon breach of an alleged contract of joint venture. It may not be sustained, therefore, under the provisions of subdivision 2 of section 266 of the Civil Practice Act, as plaintiff's action is not *ex contractu*. It contains an allegation of conversion and seeks to impose liability on the defendants, as trustees *ex maleficio*. Plaintiff contends it may not be interposed under the provisions of subdivision 1 of section 266 (*supra*), for the reason that it is not connected with the transaction upon which the complaint is founded, nor connected with the subject of the action. With this we agree for the reasons hereinafter stated.

The alleged agreement of joint venture was made prior to June 20, 1922, between plaintiff and Sigmund Basch when the defendant Edgar Basch was fourteen years of age. The written agreement attached to the counterclaim was executed pursuant to the agreement of joint venture. This writing, dated June 20, 1922, is alleged to have been made between the plaintiff, Thorer & Company of Leipsic, Germany, and a New York corporation known as Herman Basch & Co., Inc. Pursuant to its terms the American and Canadian rights in certain recipes and dyeing processes owned by Thorer & Company were given to the New York corporation and it is alleged that the profits to be realized from the utilization of the processes were to be divided equally between plaintiff and Sigmund Basch, the share of the latter to be held in trust for the defendant Edgar Basch until he became twenty-one years of age. Pursuant to this agreement the formula and processes were delivered by the plaintiff to Sigmund Basch for the sole benefit of the defendant Edgar Basch, and thereupon delivered by Sigmund Basch to Edgar.

It is further alleged that the plaintiff has knowledge that the agreement of joint venture and the written agreement referred to were made for the sole benefit of the defendant Edgar Basch, but that the plaintiff and Herman Basch & Co., Inc., as trustees, have retained the profits derived from the agreement made with Thorer & Company, and the portion thereof to which the defendant Edgar Basch became entitled under the agreement of joint venture.

The defendant Edgar Basch is now twenty-five years of age.

The counterclaim further alleges that the plaintiff and Herman Basch & Co., Inc., have continually used the recipes and processes mentioned in the written agreement, made large profits, the amount of which is unknown to the defendant Edgar Basch, and that the plaintiff and Herman Basch & Co., Inc., have transferred and sold to Thorer & Company the business formerly conducted by Herman Basch & Co., Inc., which was developed out of the proceeds of the joint venture. The amount paid for such transfer is unknown to the defendant Edgar Basch. It is alleged that the latter is entitled to receive from the plaintiff and Herman Basch & Co., Inc., one-half of the profits realized in the utilization and development of the recipes and processes referred to in the written agreement, and an accounting, among other relief, is sought.

It is to be observed that the written agreement relied upon, made pursuant to the alleged agreement of joint venture, and out of which the profits which the defendant seeks to recover arose, was made on June 20, 1922, some twelve years after the delivery by the plaintiff of the formula and processes referred to in the complaint to Sigmund Basch. Moreover, there is no identity between the recipes and processes referred to in the complaint and those described in the written agreement relied on. In fact, the counterclaim alleges that the recipes and processes described in such written agreement, copies of which were delivered by the plaintiff to Sigmund Basch, and by the latter to the defendant Edgar Basch, " are not the same recipes and processes described in the complaint herein." On the face of the defendant's pleading itself, therefore, it is apparent that the transaction described in the counterclaim is not the same as that referred to in the complaint, nor is the alleged cause of action stated in the counterclaim " connected with the subject " of plaintiff's cause of action. A difference of some twelve years in time between the two transactions and a difference in the " subject " of the action are pleaded. For the reasons stated, therefore, the counterclaim alleged is one that may not be interposed to plaintiff's cause of action.

It follows that the order should be reversed, with twenty dollars costs and disbursements, and plaintiff's motion to dismiss the counterclaim granted, with ten dollars costs, with leave to plead anew, if defendant Basch is so advised, upon payment of said costs.

FINCH, P. J., MARTIN, TOWNLEY and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to serve an amended answer if defendant Edgar Basch is so ʃadvised, within twenty days from service of order upon payment of said costs.